# SAMPSON *et al.* v. MASON.

No. 5688. Opinion Filed October 5, 1915.

(152 Pac. 100.)

**APPEAL AND ERROR** — Review — Verdict — Evidence — Guardian's Sale—Payment of Taxes. Where, under the terms of a bid at a sale by a guardian and the acceptance of the purchase price and delivery of the deed to the purchaser, there arises a controverted question of fact as to who was to pay the taxes, the question is one for the jury to determine, and where there is evidence reasonably tending to support the verdict, this court will not set the same aside.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Action by Oscar Sampson and others, by B. F. Hinshaw, their guardian, against S. A. Mason. Judgment for defendant, and plaintiffs bring error. Affirmed.

*Sigler & Howard,* for plaintiffs in error.

*I. R. Mason,* for defendant in error.

Opinion by RITTENHOUSE, C. On October 19, 1912, S. A. Mason purchased at a sale by the guardian the land in controversy in this action, under a written bid as follows:

"OCTOBER 7, 1913.

"B. F. HINSHAW, GUARDIAN SAMPSON MINORS:

"I will pay $800 cash upon delivery of deed, duly and legally executed and accompanied with complete abstract of title and transcript of probate affairs, said deed and title to be passed upon by competent attorney at my expense before payment of money for the lands of your minors in section 18 of 5 south, 3 east, and section 35, 4

south, 3 east, as described in the attached notice of sale by guardian.                              Respectfully,

. "S. A. MASON."

After the sale and before confirmation and payment of the purchase price under the bid, the abstract of title to this property was submitted to Moore & Bass, attorneys at law at Ardmore, Okla., for their examination. These attorneys advised the defendant that the taxes for 1908, 1909, 1910, 1911, and 1912, amounting to $248, were an incumbrance upon the land, and thereupon defendant declined to take said land unless the sum of $248 was deducted from the purchase price. Subsequently the deed to this land was delivered to the defendant, and there was paid to the attorney for the guardian the sum of $552. This action is instituted by the guardian to recover the difference between the bid of $800 and the sum of $552 paid by the defendant.

It is the contention of the plaintiff guardian that, when he presented the guardian's deed to the agent of S. A. Mason, there arose a dispute as to who was liable for the taxes, and that it was agreed between them that the deed was to be delivered, and that the defendant should pay $552, and that suit should be brought for the balance of $248. On the other hand, it is contended by the defendant that she did not accept the deed under such conditions, but that she took the deed under the terms and conditions of her bid, which were that the deed and title were to be submitted to competent attorneys at her expense before payment of money for the lands; that she submitted said deed and title to her attorneys, Moore & Bass, and they refused to certify to the correctness of the title until the taxes for said years were paid; that thereupon the attorneys for the guardian elected to confirm the sale under

the terms of said bid and accepted the $552 in satisfaction thereof.

There is no complaint made as to the admission or rejection of testimony, nor of the giving or refusing of instructions, except that by assignment No. 2 plaintiffs in error complain that the court erred in overruling the plaintiffs' motion to instruct the jury to return a verdict for the plaintiffs; but the sole question presented to this court is: Was the defendant entitled to retain the sum of $248 to cover the taxes due on this land, or did the purchaser simply take this land burdened with the liens?

Taking this question as propounded by the plaintiffs, it would seem that the only question to be determined would be one of law under section 7680, Comp. Laws 1909; but from an examination of the entire record we find that the terms and conditions of the bid, the acceptance of the $552, and the transactions and conversations had at the time of the delivery of the deed take this case out of the general rule as announced in said section, and the issues in the case at bar turn upon questions of fact. While there is a direct conflict as to what transpired at the time of the acceptance of the purchase price and delivery of the deed, yet the terms and conditions of the bid, coupled with the acceptance of the purchase price and the delivery of the deed and the explanations thereof, constitute questions of fact to be determined by the jury. These questions were properly submitted under instructions of the court, and the jury having found such controverted questions of fact in favor of the defendant, and there being evidence reasonably tending to support such findings, this court will not disturb the verdict.

The cause should therefore be affirmed.

By the Court: It is so ordered.